IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:16-cv-224-GCM

| | |
|---|---|
| PATRICIA BROWN BOLICK,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br>  Acting Commissioner of Social Security,<br><br>        Defendant. | ORDER |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and Commissioner's Motion for Summary Judgment (Doc. No. 15). Having carefully considered the motions and reviewed the record, the court enters the following findings, conclusions, and Order.

### I. Background

The procedural history of this matter is as stated in the Commissioner's memorandum of law supporting the Commissioner's motion for summary judgment.

The ALJ's findings relevant to this proceeding are as follows: Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (Tr. 25). Plaintiff has a combination of impairments that more than minimally affect her ability to perform work related activities and are thus considered to be "severe." (*Id.*). However, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 26).

1

After a consideration of the entire record, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform sedentary work with the following limitations:

> except she can occasionally stoop and climb ramps or stairs, and she must have a sit/stand option at the workstation every 30–60 minutes which allows her to stand for a few minutes and then sit back down. She can do no kneeling, crouching, crawling, balancing for safety on dangerous surfaces, or climbing ladders, ropes or scaffolds. She can never have even moderate exposure to respiratory irritants or have exposure to extremes of cold or to workplace hazards such as unprotected heights and dangerous machinery and parts. She can understand, remember, and carry out very short, simple, routine, repetitive tasks for two hours at a time, adapt to changes in a routine work setting if they are infrequent and gradually introduced, make simple work related decisions, and have occasional interaction with co-workers and supervisors. She can never have direct, ongoing interaction with the public, work around crowds, or work in coordination with others. Production demands consist of having assigned tasks to complete by the end of the work day or shift.

(Tr. 29). The ALJ found in the fourth step that Plaintiff is unable to perform any past relevant work. (Tr. 33). Finally, at the fifth step, the ALJ concluded based on Plaintiff's limitations that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Tr. 34). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 35).

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the

Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

### III. Discussion

On appeal, Plaintiff asserts that the ALJ erred in her decision, alleging that (1) she erred in making a complete mental RFC assessment, (2) she erred by relying on the testimony of a Vocational Expert ("VE") without resolving an apparent conflict between the VE and the Dictionary of Occupational Titles ("DOT"), and (3) she erred by failing to include limitations contained in medical opinions she gave weight to in the RFC. The Court will address all of the RFC-related arguments first, and then turn to the VE argument.

### A. Residual Functional Capacity Assessment

#### 1. Concentration, Persistence, and Pace

Plaintiff first argues that the ALJ did not determine Plaintiff's ability to stay on task in light of her moderate limitations in concentration, persistence, and pace, as required by *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015).

The Fourth Circuit in *Mascio* held that "[a]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). If a moderate limitation in concentration, persistence, and pace does not actually translate into a limitation in a claimant's ability to work, the ALJ may limit the claimant to merely simple, routine tasks or unskilled work, but must explain why a further limitation is not needed. *Id.* But if the limitation does impact the claimant's ability to work, then the ALJ must go further and include a limitation that reflects the claimant's "ability to stay on task." *Id.*; *see also Grant v. Colvin*, No. 1:15CV00515, 2016 WL 4007606, at *9

(M.D.N.C. July 26, 2016) ("[W]hen an ALJ finds moderate limitation in CPP, the ALJ must either adopt a restriction that addresses the 'staying on task' aspect of CPP-related deficits . . . or explain why the CPP limitation of that particular claimant did not necessitate a further restriction regarding 'staying on task.'").

Here, the RFC goes well beyond what is required by *Mascio*. The ALJ specifically addressed Plaintiff's ability to stay on task by finding that she could "carry out very short, simple, routine, repetitive tasks for two hours at a time, [and] adapt to changes in a routine work setting if they are infrequent and gradually introduced." Further, the RFC specified that she could handle production demands that assign Plaintiff "tasks to complete by the end of the work day or shift." This addresses Plaintiff's limitations in concentration, persistence, and pace and satisfies *Mascio*'s requirement to provide a limitation beyond mere simple, routine tasks.

**2. Social Limitations**

Second, Plaintiff contends that the ALJ failed to fully explain his social functioning analysis and findings as required by SR 96-8p. Specifically, the ALJ found that Plaintiff can have "occasional interaction with co-workers and supervisors" but "can never have direct, ongoing interaction with the public, work around crowds, or work in coordination with co-workers and supervisors." Plaintiff argues that the ALJ erred by not explaining whether "interaction" means "face-to-face, in the same room, in the same area, on the telephone, via email, [or] via text." (Pl.'s Mem., 8).

This Court, among others in this District, has previously considered and rejected this argument. *See Robinson v. Berryhill*, No. 2018 WL 1718262, at *3 (W.D.N.C. April 9, 2018) (listing cases). Accordingly, the Court finds that the ALJ did not err by failing to further define "interaction," nor did the ALJ fail to adequately explain Plaintiff's social functioning limitations.

4

### 3. Activities of Daily Living

Third, Plaintiff argues that the ALJ failed to discuss the effect that Plaintiff's mental limitations in her activities of daily living have on her ability to engage in work activity on a sustained basis. Plaintiff again relies on *Mascio* to argue that the ALJ failed to adequately provide a detailed assessment of the effect of Plaintiff's limitations in activities of daily living on her ability to engage in work activities.

In step three, the ALJ found that Plaintiff had only a mild limitation in her activities of daily living. (Tr. 28). Specifically, the ALJ noted that "the claimant attributes limitations in this area to *physical* impairments." (*Id.* (emphasis added)). Accordingly, in assessing Plaintiff's RFC, the ALJ discussed at length Plaintiff's reported activities of daily living. (Tr. 30). Plaintiff cites to no portion of the record supporting her claim that she had additional mental limitations in her activities of daily living that would require an alteration to her RFC. Rather, the ALJ's review of the evidence makes it clear that Plaintiff has not sought out any mental care. (Tr. 31–32).

Thus, the ALJ adequately considered the evidence of Plaintiff's limitations in activities of daily living in evaluating her RFC and assessing her allegations of disability. SSR 96-8p.

### 4. Ability to Perform Activities within a Schedule, Maintain Regular Attendance, and Be Punctual within Customary Tolerances

Fourth, Plaintiff argues that the ALJ failed to discuss Plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances. Plaintiff relies on POMS DI 25020.010(B)(2)(a) in support of her claim that this mental ability is needed for any job.

Here, the State agency psychological consultants found that she is moderately limited in this ability. (Tr. 96, 130). However, both psychological consultants explained in narrative form

their findings and stated, respectively, that Plaintiff "has the ability to carry out or maintain concentration long enough to complete a simple task as would be required of unskilled work" and that Plaintiff "is able to carry out simple tasks for two hour periods over an eight hour day at a non productive pace." (Tr. 96, 130). Importantly, POMS DI 25020.010(B)(1) states that "**[i]t is the narrative** written by the psychiatrist or psychologist . . . **that adjudicators are to use as the assessment of RFC.**" (emphasis in original). Thus, an ALJ does not need to discuss every detail of a consultative examiner's report in order to properly evaluate a claimant's RFC.

Accordingly, because the ALJ's discussion of the consultative examiner's opinions correctly relied upon their narrative conclusions—not every single finding supporting those narrative conclusions—the ALJ adequately considered the medical evidence of Plaintiff's mental limitations in assessing her RFC.

### 5. Remaining Arguments

Finally, Plaintiff finds error in the ALJ's statement that "There are no opinions from treating or examining physicians indicating that claimant is disabled and unable to work." (Tr. 33). Plaintiff provides several arguments for why this statement is an error, several of which are perfunctory.

The Court finds that this statement was merely a summary of the record evidence from the relevant physicians before the ALJ, and that it was not, as Plaintiff claims, a negative inference based on speculation. Accordingly, the ALJ did not err by including this statement in the explanation of her findings.

## B. Reliance on Vocational Expert Testimony

Plaintiff also argues that the ALJ erred by relying on the VE's testimony without first resolving an apparent conflict between the VE's testimony and the DOT. Specifically, Plaintiff

claims that there is an apparent conflict with all four of the jobs that Plaintiff could hypothetically perform that the ALJ failed to address.

Plaintiff argues that the position of addresser, DOT #209.587-010, is obsolete, and thus it is doubtful that this job exists in significant numbers in the U.S. economy. Plaintiff only relies on a review study conducted in 2011 by the Social Security Administration to support this position. However, the study merely mentioned that this position "might be obsolete," and the Social Security Administration has not promulgated any regulations removing this position from use by vocational experts. Further, Plaintiff has not presented any other evidence that the position is obsolete, nor has Plaintiff provided caselaw showing that the ALJ's reliance on similar testimony is in error. Thus, the Court finds that the ALJ did not err by relying on the VE's testimony with respect to the addresser position.

Plaintiff also argues that there is an apparent conflict between the VE's testimony that Plaintiff could work as a Toy Stuffer and the DOT and O*Net descriptions of the position of Toy Stuffer, DOT #731.685-014. The DOT description shows that this position requires the work required to tend a machine. Plaintiff argues that this conflicts with the ALJ's finding that Plaintiff must be limited to never having even moderate exposure to "dangerous machinery and parts." However, nothing in the DOT description indicates that the Toy Stuffer position involves any exposure to dangerous machinery or parts. Rather, it merely requires an employee to use a pedal to blow cotton or other fillers into the toy shell in order to give it the proper shape. And it specifically states that the employee "[m]ay stuff toys by hand." Thus, there is no apparent conflict between the DOT and the VE's testimony that Plaintiff could perform this job. Further, an ALJ is under no duty to investigate or discuss apparent conflicts with O*Net descriptions of positions unless the VE is relying on the O*Net for his or her conclusions. *See Rozzelle v.*

7

*Berryhill*, 2018 WL 1187781, at *4 (W.D.N.C. Mar. 7, 2018) (citing cases).  Thus, there is no error with respect to reliance on the VE's testimony regarding the Toy Stuffer position.

Finally, Plaintiff argues that there is an apparent conflict between the DOT and the VE's testimony that Plaintiff has the RFC to perform the jobs of Document Preparer, DOT #249.586-018, and Surveillance System Monitor, DOT #379.367-010.  Specifically, the DOT states that these positions require reasoning level three, and Plaintiff argues that her limitation to "very short, simple, routine, repetitive tasks" conflicts with this level.  Courts in this Circuit are split on this question, but other courts in this District have found that a reasoning level three presents an apparent conflict with a claimant's limitation to simple, routine, repetitive tasks.  *See Lorch v. Berryhill*, No. 3:16-cv-00076-RJC, 2017 WL 1234203, at *5 (W.D.N.C. Mar. 31, 2017) (summarizing cases and finding an apparent conflict); *Adkins v. Berryhill*, No. 1:15-CV-00001-RLV, 2017 WL 1089194, at *4 (W.D.N.C. Mar. 21, 2017) (same).  This Court, however, need not weigh in on the debate.  The Court finds that even if there was an apparent conflict, it would be a harmless error, as the ALJ has already identified two other positions—addresser and toy stuffer—that have sufficient numbers in the local and national economy and that Plaintiff can perform.

Thus, the Court will not remand the matter for further review of the VE's testimony.

### IV.  Conclusion

For the foregoing reasons, the Court finds that the ALJ's decision is supported by substantial evidence.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 11) is **DENIED**, the Commissioner's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**, and the decision

of the Commissioner that Plaintiff was not disabled within the meaning of the Act is **AFFIRMED**.

    **SO ORDERED**.

Signed: August 29, 2018

Graham C. Mullen
United States District Judge